UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLEVERLY P. LOCKHART, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No 1:15-cv-1063-TWP-MJD |
| | ) |
| KEITH BUTTS, Superintendent, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Cleverly P. Lockhart. For the reasons stated below, the petition is denied.

**I.**

**Background**

Lockhart is an Indiana prisoner. On February 11, 2015 the prison classification supervisor issued a report of conduct charging Lockhart with violating prison rules by producing or using counterfeit documents in violation of Code B-230, charge No. NCF 15-02-0060.  The conduct report recited that Lockhart had submitted a fabricated document (a form used by the Indiana Department of Correction) to the Indiana Court of Appeals.  A hearing on this charge was held on February 18, 2015.  Lockhart requested statements from five witnesses, one of which was denied. Statements of the four witnesses were considered by the hearing officer. Lockhart was present at the hearing and made a statement concerning the charge.  The hearing officer considered that statement, together with the other evidence, and found Lockhart guilty.  The question presented in the present action is whether the disciplinary proceeding challenged by petitioner Cleverly

Lockhart is tainted by constitutional error under the foregoing standards. Because the Court finds from consideration of the pleadings and the expanded record that the challenged proceeding is not constitutionally infirm, Lockhart's petition for writ of habeas corpus must be denied.

## Discussion

An Indiana prisoner must be afforded procedural due process before being deprived of good-time credits or demoted in credit class. *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001). The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570–71 (1974).

Lockhart challenges the validity of this proceeding through his contentions that: (1) he was denied evidence; (2) he was denied witnesses; and (3) the evidence was not sufficient. Using the requirements of *Wolff* and of *Hill* as a guide, however, Lockhart received all the procedural protections to which he was entitled.

Lockhart's first two claims are related, but are without merit. At the point when Lockhart was notified of his procedural rights, he identified certain individuals from whom he requested statements. Each of those individuals provided statements, and each of those statements was considered by the hearing officer. These circumstances refute Lockhart's claim that he was denied evidence and that he was denied witnesses. As to any specification that Lockhart was denied access to the form which was submitted, he does concedes that he submitted it. More was not required. *See Outlaw v. Anderson*, 29 F. App'x 372, 374 (7th Cir. 2002).

Lockhart's remaining claim is his challenge to the sufficiency of the evidence. If believed, the conduct report established that Lockhart submitted a forged form to the Indiana Court of Appeals. The hearing officer noted that Lockhart's statement was: "I appealed it on June 20. I got it from the pod rep[resentative]. They disciplined him over it and Ms. Williams. I did not know it was counterfeit. I did mail it." The hearing officer determined that Lockhart committed the charged misconduct based on staff reports, statement of offender, evidence from witnesses, and the counterfeit document itself. In this setting, evidence is constitutionally sufficient if it "point[s] to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), and if the decision is "not . . . arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Although Lockhart denied acting with a culpable state of mind, his use of the form suggests otherwise and it was up to the hearing officer to decide any issue of credibility. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). This Court cannot now reweigh the evidence. *McPherson,* 188 F.3d at 786 (in reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis"). The evidence in No. NCF 15-02-0060 was constitutionally sufficient as to all components of the offense Lockhart was found to have committed.

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was

no constitutional infirmity in the proceeding which entitles Lockhart to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 11/4/2016

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Cleverly Lockhart, # 895563
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Electronically Registered Counsel